IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | |
| COANN ELAINE MILLER, | * | CHAPTER 13 |
|     Debtor | * | |
| | * | CASE NO. 1:07-bk-01733MDF |
| COANN ELAINE MILLER, | * | |
|     Plaintiff | * | |
| | * | |
| v. | * | ADV. NO. 1:07-ap-00167 |
| | * | |
| JOHN MALEHORN and MORTGAGE | * | |
| ELECTRONIC REGISTRATION | * | |
| SYSTEMS, INC., | * | |
|     Respondent | * | |

## OPINION

Before me is a two-count Complaint filed by Coann Elaine Miller ("Debtor") pursuant to 11 U.S.C. § 506(a) to determine the validity, priority or extent of the interests of John Malehorn ("Malehorn") and Mortgage Electronic Registration Systems, Inc. ("MERS") in Debtor's residence at 11 Peck Lane, Dauphin, Pennsylvania (hereinafter "the Property"). Debtor's complaint alleges that she owns the Property subject to a lease/purchase agreement (hereinafter "the Agreement") that she entered into with Malehorn on August 17, 2001. The first count of the complaint alleges that a subsequent mortgage executed by Malehorn's wife, Betty Malehorn, in favor of First Central Mortgage Corporation is defective because it failed to attach an accurate description of the Property. Therefore, the complaint seeks a declaration that the Property is not subject to that mortgage. In Count Two, Debtor seeks a declaration that the Agreement is not subject to the anti-modification provisions of 11 U.S.C. § 1322(b)(2) and, therefore, it may be modified through Debtor's chapter 13 plan.

1

Debtor filed her complaint on December 7, 2007. In their answers, MERS and Malehorn alleged that on the date Debtor entered into the Agreement with Malehorn, the Property was part of a larger parcel of real estate that the parties intended to subdivide. However, approval for the subdivision had never been requested from the local zoning board as required by state law before Malehorn could transfer title to Debtor.

On September 3, 2008, I held a status conference pursuant to which I issued an order giving Debtor thirty (30) days in which to apply to the zoning board for the necessary zoning variance for the subdivision that would allow the transfer of title to be consummated. Debtor duly complied with this Order. However, at a status conference on January 12, 2009, Debtor reported to the Court that her request had been denied, but that she intended to appeal the denial. As a result, I issued an Order requiring Debtor to file correspondence with the Court documenting that she had filed the appeal. On February 13, 2008, counsel for Debtor docketed a certification stating that Debtor had *not* filed a timely appeal of the zoning board ruling.

In Pennsylvania, "[f]ailure to strictly comply with procedural and time requirements will result in the quashing of a zoning appeal." *Ottaviano v. Society Hill Civil Ass'n*, 73 Pa. Cmwlth. 307, 457 A2d 1041 (1983). Thus, Debtor would be precluded from obtaining appellate relief were she to attempt to file an untimely appeal. Similarly, Debtor cannot file a new application for a variance with the zoning board because denial of a variance is *res judicata* in any future litigation commenced by the same party regarding the same property requesting the same variance under the same zoning ordinance. *See Atlantic Richfield Co. v. City of Bethlehem*, 69 Pa. Cmwlth. 6, 450 A.2d 248 (1982) (use of doctrine of *res judicata* in administrative proceedings is proper when reasons for use of rule are present in full force). Thus, Debtor's

failure to file a timely appeal resulted in the extinguishment of her right to obtain a ruling permitting the subdivision of the property. Not having been legally subdivided, the Property effectively does not exist in a form over which Debtor may assert an ownership interest in bankruptcy.

Under these circumstances, I conclude that Debtor's complaint must be dismissed. It is axiomatic that real property rights in bankruptcy are controlled by state law. *Nobleman v. American Savings Bank*, 508 U.S. 324, 329 (1993). Because Debtor's purported interest in the Property is void under state law, she has no rights to enforce in this proceeding. Accordingly, the complaint's prayer for an Order declaring that MERS has no interest in the Property is rendered moot because Debtor herself lacks standing to assert an ownership interest in the Property.

By its language, section 1322(b)(2) applies exclusively to holders of claims secured by property of the estate. Malehorn holds title to the Property, not a claim secured by it. If Debtor held an ownership interest in the Property under the lease/purchase Agreement, then under Pennsylvania law Malehorn's interest could be treated as a security interest. *See In re Grove*, 208 B.R. 845 (Bankr. W.D. Pa. 1997) (debtor can choose whether to treat installment land sales contract as a security device or as an executory contract) (citing *Anderson Contracting Co. v. Daugherty*, 274 Pa. Super 13, 417 A.2d 1227 (1979) *appeal dismissed* 492 Pa. 630, 425 A.2d 329 (1980)) (residential installment land contract "should not be denied treatment as a residential

3

mortgage."). However, Debtor's lack of interest in the Property deprives her of the ability to treat the Agreement as a security interest, thereby rendering § 1322(b)(2) irrelevant in her case.

Accordingly, the instant adversary case will be dismissed.

By the Court,

Mary D. France
Bankruptcy Judge

Date: April 1, 2009

*This document is electronically signed and filed on the same date.*